

FILED

DEC 20 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-FILING

EDL

1 MARK S. POSARD (SBN: 208790)
mposard@gordonrees.com
2 REBECCA R. WARDELL (SBN: 272902)
rwardell@gordonrees.com
3 GORDON & REES LLP
275 Battery Street, Suite 2000
4 San Francisco, CA 94111
Telephone: (415) 986-5900
5 Facsimile: (415) 986-8054

6 Attorneys for Defendant
MARINE SPILL RESPONSE CORPORATION
7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10

11 JOHN KLIP,

CV11 6496

12 Plaintiff, (Contra Costa Superior Court Case No. C11-02607)

13 vs.

14 MARINE SPILL RESPONSE COMPANY, **NOTICE OF REMOVAL OF ACTION**
LLC; and, DOES 1 THROUGH 50, inclusive, **UNDER 28 U.S.C. § 1441**

15 **DEMAND FOR JURY TRIAL**
Defendants.

16

17

18

19 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20 PLEASE TAKE NOTICE that Defendant MARINE SPILL RESPONSE

21 CORPORATION, a Tennessee Nonprofit Corporation (erroneously sued as MARINE SPILL

22 RESPONSE COMPANY, LLC) ("Defendant") hereby gives notice of removal.

23 1. On November 10, 2011, Plaintiff John Klip ("Plaintiff") commenced this action in

24 the Superior Court of the State of California in and for the County of Contra Costa, entitled John

25 Klip vs. Marine Spill Response Company, LLC, et al., as Case Number. C11-02607. A copy of

26 the complaint is attached hereto as **Exhibit A.**

27 2. The first date upon which Defendant received a copy of the said complaint was

28 November 23, 2011, when Defendant was served with a copy of the complaint and a summons

-1-
Notice of Removal of Action

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

FAXED

1    from the said state court. A copy of the summons is attached hereto as **Exhibit B**. Accordingly,

2    this Notice of Removal is timely under 28 U.S.C. § 1446(b).

3        3.      Plaintiff also served Defendant with a civil cover sheet, notice of case

4    management conference, notice to plaintiffs, notice to defendants, and alternative dispute

5    resolution information ("additional documents served on Defendant"). A true and correct copy

6    of the additional documents served on Defendant is attached as **Exhibit C**.

7        4.      This action is a civil action of which this Court has original jurisdiction under 28

8    U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the

9    provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states

10    and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs as set

11    forth below.

12        5.      Plaintiff alleges that Defendant terminated his employment on or about November

13    16, 2009. (Complaint, Exhibit A, page 4, ¶ 20.) He claims he suffered "severe emotional

14    distress," "severe mental distress," and "suffering and anguish" as a result of his termination.

15    (Complaint, Exhibit A, page 4, ¶ 20.) He allegedly reacted with "humiliation, embarrassment,

16    anger, disappointment and worry, all of which is substantial and enduring." (*Id.*) He also claims

17    he "suffered and continues to suffer substantial losses in earning and other employee benefits."

18    (Complaint, Exhibit A, page 4, ¶ 21.) He seeks a money judgment representing damages based

19    on the foregoing allegations. (Complaint, Exhibit A, page 5, ¶ 1.) He also seeks attorney's fees,

20    as well as punitive damages due to Defendant's "intentional, willful and malicious" conduct.

21    (Complaint, Exhibit A, page 5, ¶¶ 26-27.)

22        6.      Complete diversity of citizenship exists in that: Plaintiff is a citizen of the State

23    of California and Defendant is a nonprofit corporation, organized under the laws of the State of

24    Tennessee with its principal place of business in Virginia. Defendant's principal place of

25    business is located at 220 Spring Street, Suite 500, Herndon, Virginia 20170.

26        7.      Defendant is the only defendant named in this action.

27        8.      Removal to the San Francisco or Oakland Division of the United States District

28    Court for the Northern District of California is appropriate because the removed state court

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   action was filed in the Superior Court of California. County of Contra Costa.

2       9.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be

3   promptly served on Plaintiff's counsel.

4       8.      A copy of this Notice of Removal will also be filed with the Clerk of the Superior

5   Court of the State of California in and for the County of Contra Costa.

6       Defendant demands a jury trial.

7

8

9

Dated: December 20, 2011               GORDON & REES LLP

10

11

12                                     By: _____
                                           MARK S. POSARD
13                                         REBECCA R. WARDELL
                                           Attorneys for Defendant
14                                         MARINE SPILL RESPONSE
                                           CORPORATION
15

16

17

18

19

20

21

22

23

24

25

26

27

28

ACEUS/1074550/11349653v.1

-3-
Notice of Removal of Action

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

# EXHIBIT "A"

<table>
<tbody>
<tr><td>1</td><td>JOHN IACCARINO (SBN 126649)<br>WADE S. CHURCH (SBN 256727)</td></tr>
<tr><td>2</td><td>Law Offices of John Iaccarino<br>533 Airport Boulevard, Suite 400</td></tr>
<tr><td>3</td><td>Burlingame, California 94010<br>Telephone: (650) 348-0121</td></tr>
<tr><td>4</td><td>Facsimile: (650) 348-3656</td></tr>
<tr><td>5</td><td>Attorneys for Plaintiff,<br>JOHN KLIP</td></tr>
</tbody>
</table>

**FILED**

2011 NOV 10   P 4: 10

SUPERIOR COURT OF CALIFORNIA

COUNTY OF CONTRA COSTA – UNLIMITED JURISDICTION

| | |
|---|---|
| JOHN KLIP,<br><br>Plaintiff,<br><br>vs.<br><br>MARINE SPILL RESPONSE COMPANY, LLC; and, DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: C 1 1 - 0 2 6 0 7<br><br>VERIFIED COMPLAINT FOR DAMAGES ARISING FROM DISCHARGE IN VIOLATION OF PUBLIC POLICY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, FOR ATTORNEYS' FEES AND COSTS AND FOR PUNITIVE DAMAGES<br><br>JURY TRIAL DEMANDED PER LOCAL RULE<br>CASE<br><br>Amount Demanded Exceeds DEPT<br>$25,000 (Gov't. Code § 72055)<br><br>BY FAX |

Plaintiff JOHN KLIP complains against defendants, and each of them, demands a trial by jury of all issues and for causes of action alleges:

**FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**

1.    Plaintiff is ignorant of the true names or capacities of the defendants sued here under the fictitious names DOE ONE through DOE FIFTY, inclusive. Plaintiff is informed and believes that each of DOE defendants was responsible in some manner for the occurrences and injuries alleged in this complaint.

2.    At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every defendant was the agent or employee of each and every other defendant. In doing the things alleged in the causes of action into which this paragraph is

incorporated by reference, each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission, and authorization of each of the remaining defendants. All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other defendant.

3.    At the pertinent times mentioned in this complaint, defendant MARINE SPILL RESPONSE COMPANY, LLC., was a corporation incorporated in the State of California. MARINE SPILL RESPONSE COMPANY, LLC., will be referred to as defendant "MSRC."

4.    On or about January 28, 2002, defendant MSRC, by their agent Dyn Marine Services, hired plaintiff for the position of Chief Engineer onboard the "M/V PACIFIC RESPONDER". At that time, plaintiff and defendant MSRC entered into an employment agreement.

5.    During his employment and other than any events immediately prior to his termination, plaintiff received no significant criticism of his work.

6.    At all times, plaintiff performed his job in a satisfactory manner and received satisfactory performance evaluations.

7.    Plaintiff was terminated in violation of public policy on or about November 16, 2009

### FIRST CAUSE OF ACTION
#### Discharge in Violation of Public Policy

As a first, separate and distinct cause of action, plaintiff complains against defendants MSRC and DOES ONE through THIRTY, and each of them and for a cause of action alleges:

8.    Plaintiff hereby incorporates Paragraphs 1 through 7, inclusive, as though set forth here in full.

9.    Plaintiff was employed by defendant MSRC from on or about January 28, 2002, until defendants MSRC and DOES ONE through THIRTY terminated plaintiff because of his age and sex, and in violation of public policy defendant desired a younger Chief Engineer to take his place, and defendant's agent Captain Joanna Newman favored the hiring of female crewmember regardless of their qualifications.

10.    Said termination violated public policy in that plaintiff was terminated without cause shortly after turning 65 years of age and because he was male.

11.    Plaintiff recently became aware of the discrimination that resulted in his termination and immediately made a Complaint of Discrimination in violation of Fair Employment and Housing Act to the Department of Fair Employment & Housing.

2

12. The Department of Fair Employment & Housing issued a Notice of Case Closure for Administrative reasons since the complained of discrimination occurred more than one year hence, as well as the Right To Sue letter on October 26, 2011.

13. Plaintiff is informed and believes that Captain Joanna Newman terminated him without cause and in violation of public policy, among other things, against age discrimination.

14. Plaintiff is also informed and believes that Captain Joanna Newman terminated him without cause in violation of public policy against discrimination because of gender in that he is a male and Captain Joanna Newman would consistently show favoritism toward the female crew members.

15. Plaintiff suffered damages legally cause by these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth in full.

## SECOND CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

As a second, separate and distinct cause of action, plaintiff complains against all defendants, and each of them and for a cause of action alleges:

16. Plaintiff hereby incorporates by reference Paragraphs 1 through 15 and 21 through 27, inclusive, as though set forth here in full.

17. On or about January 28, 2002, plaintiff accepted employment with defendant MSRC. Plaintiff was assured job security and that he would not be discharged in violation of public policy and thereafter remained in his employment in reliance on those assurances.

18. Defendants MSRC and DOES ONE through FIFTY were in a position of power over plaintiff, with the potential to abuse that poser. Plaintiff was in a vulnerable position because of his relative lack of power, because of his reliance on defendants' assurances and forbearance of the possibility of becoming employed elsewhere, because he had place his trust in defendants, because he depended on his employment for his self-esteem and sense of belonging, because he relied upon his employment as source of income for his support, because a wrongful termination of plaintiff's employment would likely harm plaintiff's ability to find other employment, and because of the great disparity in bargaining power between plaintiff and his employer. Defendants were aware of plaintiff's vulnerability and the reasons for it.

19. On or about November 20, 2009, defendants discharged plaintiff or caused him to be discharged and confirmed and ratified the discharge. Defendants' discharge of plaintiff and the

3

1   manner in which they accomplished it was outrageous in that plaintiff was terminated because
2   he was a 65 year old male crew member, working under a much younger female Captain, and
3   had made his dissatisfaction with the discriminatory behavior known and complained to the
4   company officials who refused to change the policies and practices and instead terminated
5   plaintiff in that defendants at all times intended to violate public policy and discharge plaintiff
6   leaving plaintiff without employment and without the income, sense of self-worth, and security
7   which he derived from his employment, and which defendants knew that he derived from his
    employment.

8   20.    Plaintiff suffered severe emotional distress as a legal result of defendants' outrageous
9   conduct. Plaintiff suffered severe mental distress; suffering and anguish as a legal result of
10  defendants' outrageous conduct, reacting to his discharge with humiliation, embarrassment,
11  anger, disappointment and worry, all of which is substantial and enduring.

12                                      **DAMAGES**
13

14  21.    As a legal result of the conduct by defendants of which plaintiff complains, plaintiff
15  suffered and continues to suffer substantial losses in earnings and other employee benefits.
16  Plaintiff will seek leave to amend this complaint to state the amount or will proceed according
17  to proof at trial.

18  22.    Plaintiff suffered emotional distress as a legal result of the conduct by defendants of
19  which plaintiff complains. Plaintiff suffered mental distress; suffering and anguish as a legal
20  result of defendants' outrageous conduct, reacting to his discharge with humiliation,
21  embarrassment, anger, disappointment and worry, all of which is substantial and enduring.
22  Plaintiff will seek leave to amend this complaint to state the amount or will proceed according
    to proof at trial.

23  23.    At all material times, defendants, and each of them, knew that plaintiff depended on his
24  wages and other employee benefits as a source of earned income. At all material times,
25  defendants were in a position of power over plaintiff, with the potential to abuse that power.
26  Plaintiff was in a vulnerable position because of his relative lack of power, because of his
27  reliance on defendants' assurances and forbearance of the possibility of becoming employed
28  elsewhere, because he had placed his trust in defendants, because he depended on his
    employment for his self-esteem and sense of belonging, because he relied upon his employment

                                         4

1   as a source of income for his support, because a wrongful termination of plaintiff's employment

2   would likely harm plaintiff's ability to find other employment, and because of the great

3   disparity in bargaining power between plaintiff and his employer. Defendants were aware of

4   plaintiff's vulnerability and the reasons for it.

5   24.   Notwithstanding such knowledge, defendants, and each of them, acted oppressively,

    fraudulently, and maliciously, in willful and conscious disregard of plaintiff's rights, and with

6   the intention of causing or in reckless disregard of the probability of causing injury and

7   emotional distress to plaintiff.

8   25.   Further, defendants were informed of the oppressive, fraudulent and malicious conduct

9   of their employees, agents and subordinates, and ratified, approved, and authorized that

10   conduct.

11   26.   The foregoing conduct o defendants, and each of them, was intentional, willful and

    malicious and plaintiff is entitled to punitive damages in an amount to conform to proof.

12   27.   Plaintiff also is entitled to attorneys' fees and costs pursuant to California Labor Code §

13   218.5.

14

15                  **PRAYER**

16   Wherefore plaintiff prays for judgment against defendant, and each of them, as follows:

17   1.   For a money judgment representing compensatory damages including lost

    wages, earnings, retirement benefits and other employee benefits, and all other sums of money,

18   together with interest on these amounts, according to proof;

19   2.   For a money judgment for mental pain and anguish and emotional distress,

20   according to proof;

21   3.   For an award of punitive damages, according to proof;

22   4.   For costs of suit and attorney fees;

23   5.   For prejudgment and post judgment interest; and,

    6.   For any other relief that is just and proper;

24   7.   For attorney fees pursuant to C.C.P, § 1021.5 and Gov't Code § 12965(b).

25   Dated: 11/9/11       LAW OFFICE OF JOHN IACCARINO

26                   By:

27                       Wade S. Church

                        Attorneys for Plaintiff

28

JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

Dated: 11/9/11          LAW OFFICE OF JOHN IACCARIO

By:

Wade S. Church
Attorneys for Plaintiff

VERIFICATION

I, the undersigned, certify and declare that I have read the foregoing
Compliant for Damages and know its contents. I am the Plaintiff in this
action. The matters stated in the document described above are true of my
own knowledge ad belief except as tho those matters stated on information
and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.

Dated: 11/9/2011

John Klip

6
Complaint for Damages

EXHIBIT "B"

11/10/2011 13:30 FAX

11/23/11
12:50 P ☎002

**SUM-100**

# SUMMONS
## (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Marine Spill Response Company, LLC ; and, DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

John Klip

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2011 NOV 10  P 4: 10

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Contra Costa 725 Martinez, CA 94553 | **CASE NUMBER:** *(Número del Caso):* C 11-02607 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Wade S. Church, 533 Airport Blvd., Burlingame, CA 94010 Tel: 650-548-2600

| DATE: November 10, 2011 *(Fecha)* | Clerk, by *(Secretario)* C. Green | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):*  MARINE SPILL RESPONSE COMPANY, LLC

    under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*  11/23/11

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1C4N4517692282.tif - 11/10/2011 1:31:29 PM

# EXHIBIT "C"

11/10/2011 13:40 FAX                                                    ☒003

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Wade B. Church, SBN 256727
Law Office of John Iaccarino
533 Airport Blvd., suite 400
Burlingame, CA 94010
TELEPHONE NO.: 650-548-2600          FAX NO.: 650-373-2002
ATTORNEY FOR (Name): John Klip

F I L E D
NOV 14 2011

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS:
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez 94553
BRANCH NAME:

CASE NAME:
Klip v. MSRC

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: C11-02607 |
|---|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

BY FAX

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☒ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action (specify): Two
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 10, 2011
Wade S. Church
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

10MM451769282.EF - 11/10/2011 1:31:29 PM

SUPERIOR COURT - MAR.:NEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

KLIP VS MARINE SPILL RESPONSE

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC11-02607

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  03/29/12      DEPT:  09      TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                              SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.   C. Green

Dated:  11/10/11        _____
                              C. GREEN, Deputy Clerk

Superior Court of California, County of Contra Costa

## NOTICE TO PLAINTIFFS

In Unlimited Jurisdiction Civil Actions

### AFTER YOU FILE YOUR COURT CASE:

1. Have the forms the clerk gives you served on all defendants in this case:
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants (Local Court Form CV-655d)
   e. Blank: Case Management Statement (Judicial Council Form CM-110)
   f. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
   g. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

2. Within 60 days of the date you filed the complaint you must prove that the forms have been served on (delivered to) the defendants correctly by filing the *Proof of Service* form (POS-010) (completed by the person who did the service) with the court.

3. Go to the case management conference on the date indicated on The Notice of Case Management Conference.

4. Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute. All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR Information, visit www.cc-courts.org/adr, or call (925) 957-5787.

5. You may delay the first case management conference while you try to resolve the dispute in ADR. If all parties agree to use ADR, complete and file the Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions (except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1]) and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

Local Court Form – Instructions
CV-655In/Rev. 07/25/2007
Packet Revised 4/26/2010

Superior Court of California, County of Contra Costa

## NOTICE TO DEFENDANTS
In Unlimited Jurisdiction Civil Actions

YOU ARE BEING SUED. The packet you have been served should contain:

    a.    The Summons
    b.    The Complaint
    c.    The Notice of Case Management (shows hearing date and time)
    d.    Blank: Case Management Statement (Judicial Council Form CM-110)
    e.    Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
    f.    Alternative Dispute Resolution (ADR) Information. (Local Court Form CV-655c)

 **WHAT DO I DO NOW?** 

You must:

1. **Prepare your response** YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the** *Case Management Statement* *(CM-110)*

3. **File and serve your court papers on time** Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time** by having your server complete a *Proof of Service; (Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference.*

6. **Consider trying to settle your case before trial** . If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information; visit www.cc-courts.org/adr, or call (925) 957-5787.

IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.

COURT FEES: You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

COURT FORMS: Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

Local Court Form – Instructions
CV-655a/Rev. 11/05/2007

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an <u>ANSWER</u>.

2. If you have a claim in the same case against the plaintiff, you may file a <u>CROSS-COMPLAINT</u>.

3. If you want to ask the court to do something on your behalf, you may file a <u>MOTION</u> *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

Use Judicial Council form PLD-050 — General Denial

**For complaints that ARE verified:**

a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do <u>not</u> check number 2).

b. For contract claims, use Judicial Council PLD-C-010 (do <u>not</u> check number 3a).

c. Be sure to deny <u>every</u> claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #___ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. <u>Demurrer</u> *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;
2. <u>Motion to Strike</u> *(the complaint is unclear, does not follow the law, "doesn't matter", etc.)*;
3. <u>Motion to Transfer</u> *(the complaint is in the wrong court or there's a more appropriate court)*;
4. <u>Motion to Quash Service of Summons</u> *(you were not legally served)*;
5. <u>Motion to Stay</u> *(put the case on hold)*; or
6. <u>Motion to Dismiss</u> *(stops the case)*.

**NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:** (925) 825-5700
- **Bay Area Legal Aid:** (800) 551-5554
- **Contra Costa County Law Library**   Martinez: (925) 646-2783   Richmond: (510) 374-3019
- **Ask the Law Librarian:**   www.247ref.org/portal/access_law3.cfm

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF CONTRA COSTA

_____
Plaintiff(s) / Cross Plaintiff(s)

vs.

_____
Defendant(s) / Cross Defendant(s)

*ADR Case Management Stipulation and Order*
*(Unlimited Jurisdiction Civil Cases)*

CASE NO: _____

---

➤ ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE. (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)

➤ PARTIES MUST ALSO SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE: FAX: (925) 957-5689 MAIL: P.O. BOX 911, MARTINEZ, CA 94553

---

Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pro-ADR discovery as follows:

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i. ☐ Mediation (☐ Court-connected ☐ Private)
      ii. ☐ Arbitration (☐ Judicial Arbitration (non-binding)   ☐ Private (non-binding)   ☐ Private (binding))
      iii. ☐ Neutral case evaluation
   b. The ADR neutral shall be selected by *(date):* _____ *(no more than 14 days after filing this form)*
   c. ADR shall be completed by *(date):* _____ *(no more than 90 days after filing this form)*
2. The parties will complete the following discovery plan:
   a. ☐ Written discovery: (☐ Additional page(s) attached)
      i. ☐ Interrogatories to:
      ii. ☐ Request for Production of Documents to:
      iii. ☐ Request for Admissions to:
      iv. ☐ Independent Medical Evaluation of:
      v. ☐ Other:
   b. ☐ Deposition of the following parties or witnesses: (☐ Additional page(s) attached)
      i. _____
      ii. _____
      iii. _____
   c. ☐ No Pre-ADR discovery needed
3. The parties also agree: _____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Appendix C, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| Counsel for Plaintiff (print) | Fax | Counsel for Defendant (print) | Fax |
|---|---|---|---|
| Signature | | Signature | |
| Counsel for Plaintiff (print) | Fax | Counsel for Defendant (print) | Fax |
| Signature | | Signature | |

---

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, IT IS SO ORDERED that the Case Management Conference set for _____ is vacated and rescheduled for _____ at ___ (8:30 a.m. / _____) Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.

Dated: _____

_____
Judge of the Superior Court

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                                    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE   ☐ LIMITED CASE | |
| (Amount demanded   (Amount demanded is $25,000 | |
| exceeds $25,000)   or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                     Time:                Dept.:                Div.:                Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
   (1) ☐ have not been served *(specify names and explain why not):*
   (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
   (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐ The trial has been set for *(date):*
    b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☐ days *(specify number):*
    b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:
    e.  Fax number:
    f.  E-mail address:
    g.  Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c.  ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in *(check all that apply)*:

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify)*:

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

    ☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy    ☐ Other *(specify)*:

    Status:

**14. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

       (1) Name of case:

       (2) Name of court:

       (3) Case number:

       (4) Status:

    ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| ▶ | |
|---|---|
| _____ | _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| ▶ | |
|---|---|
| _____ | _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

CM-110 [Rev. January 1, 2009]      **CASE MANAGEMENT STATEMENT**      Page 4 of 4



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Call (925) 957-5787, or go to www.cc-courts.org/adr

### MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

Local Court Form – Information
CV-655c/Rev. 1 1/05/2007

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787