IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN KLIP,

    Plaintiff,

v.

MARINE SPILL RESPONSE CORP.,

    Defendant.
                                              /

No. C-11-06496 EDL

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING WITH LEAVE TO AMEND DEFENDANT'S MOTION TO STRIKE**

Plaintiff John Klip brought this wrongful termination action against Defendant Marine Spill Response Corporation, alleging claims for termination in violation of public policy and intentional infliction of emotional distress. On December 27, 2011, Defendant filed a Motion to Dismiss Plaintiff's Second Cause of Action for Intentional Infliction of Emotional Distress and a Motion to Strike Portions of Plaintiff's Complaint. The Court held a hearing on these motions on February 7, 2012. For the reasons stated at the hearing and in this Order, the Motion to Dismiss is granted without leave to amend and the Motion to Strike is granted with leave to amend.

**Factual Background**

Plaintiff alleges that he was employed by Defendant as Chief Engineer from January 28, 2002 until November 16, 2009, when he was discharged. Compl. ¶¶ 3, 9, 19. Plaintiff alleges that during his employment and immediately prior to his termination, he received no significant criticism of his work. Compl. ¶ 5. Plaintiff further alleges that he performed his job in a satisfactory manner and received performance evaluations to that effect. Compl. ¶ 6.

Plaintiff alleges that Defendant's agent, Captain Joanna Newman, favored the hiring of female crew members and therefore terminated Plaintiff because of his age and sex. Compl. ¶ 9. Plaintiff alleges that his termination violated public policy because he was terminated without cause shortly

after turning 65 years of age and because he was male. Compl. ¶ 10.

Plaintiff alleges that he was assured job security and that he would not be discharged in violation of public policy. Compl. ¶ 17. Plaintiff alleges that he was in a vulnerable position for the following reasons: his relative lack of power; his reliance on Defendant's assurances and forbearance of employment elsewhere; his trust in Defendant; his dependence on his employment for self-esteem and sense of belonging; his reliance on employment as a source of income; the potential for termination of employment to harm his ability to find other employment; and the disparity in bargaining power between Plaintiff and Defendant. Compl. ¶ 18.

Plaintiff alleges that the manner in which his employment was terminated was outrageous because he was a 65-year-old male crew member working under a much younger female captain. Compl. ¶ 19. Plaintiff alleges that his complaints and dissatisfaction with the discriminatory behavior contributed to the outrageous nature of his termination. Compl. ¶ 19. Plaintiff alleges that he suffered severe emotional distress, severe mental distress, suffering and anguish as a result of Defendant's outrageous conduct, humiliation, embarrassment, anger, disappointment, and worry. Compl. ¶ 20.

Plaintiff alleges that he recently became aware of the alleged discrimination and filed a complaint of discrimination in violation of Fair Employment and Housing Act ("FEHA") to the Department of Fair Employment and Housing ("DFEH"). Compl. ¶ 11. Plaintiff alleges that the Department of Fair Employment and Housing issued a notice of case closure on October 26, 2011 because the alleged discrimination occurred more than a year prior to filing. Compl. ¶ 12. Plaintiff received a right to sue letter from DFEH.

**Legal Standard**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations." Id. at 1950. Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

Courts must then determine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief." Id. Though the plausibility inquiry is "not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct. . . ." Id. at 1949 (internal quotation marks omitted) & 1950. That is to say, plaintiffs must "nudge [] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Additionally, a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f).

**Discussion**

**A. Motion to Dismiss Plaintiff's Second Claim for Intentional Infliction of Emotional Distress**

Defendant argues that Plaintiff's claim for intentional infliction of emotional distress ("IIED") should be dismissed because workers' compensation is the exclusive remedy for what may constitute IIED in the workplace. The state workers' compensation scheme covers alleged wrongful conduct in the normal course of an employer-employee relationship in the workplace. Miklosy v. Regents of University of California, 44 Cal. 4th 876, 902-03 (2008) (holding that claims for severe emotional distress occurring at the worksite and in the normal course of the employer-employee relationships were barred by the workers' compensation exclusive remedy provisions); see also Livitsanos v. Superior Court, 2 Cal. 4th 744, 754 (1992) ("[s]o long as the basic conditions of compensation are otherwise satisfied, and the employer's conduct neither contravenes fundamental public policy nor exceeds the risks inherent in the employment relationship, an employee's emotional distress injuries are subsumed under the exclusive remedy provisions of workers' compensation"); Shoemaker v. Myers, 52 Cal. 3d 1, 25 (1990) ("[t]o the extent plaintiff purports to allege any distinct cause of action, not dependent upon the violation of an express statute or violation of fundamental public policy, but rather directed at the intentional, malicious aspects of defendants' conduct . . . , then plaintiff has alleged no more than the plaintiff in Cole v. Fair Oaks Fire Protection Dist. . . . . The

3

kinds of conduct at issue (e.g., discipline or criticism are a normal part of the employment relationship. Even if such conduct may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions.").

The Miklosy court held that where the plaintiff alleged a Tameny public policy claim as part of his claim of IIED, only the underlying public policy claim may proceed and workers' compensation was the exclusive remedy for the accompanying IIED. Miklosy, 44 Cal. 4th at 902-03. A public policy violation as defined in Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167 (1980) allows plaintiffs to proceed on public policy claims while remedies based on accompanying IIED claims remain exclusive to workers' compensation law. As the Miklosy court noted:

> The exception for conduct that "contravenes fundamental public policy" is aimed at permitting a Tameny action to proceed despite the workers' compensation exclusive remedy rule. As to the exception for conduct that "exceeds the risks inherent in the employment relationship," it might seem at first blush to apply here - based on the argument that whistleblower retaliation is not a risk inherent in the employment relationship."

Id. Under Miklosy, Plaintiff's claim for termination in violation of public policy may proceed, but Plaintiff cites no authority that would permit him to go forward with the IIED claim.

Plaintiff asserts in his opposition that even if workers' compensation is the exclusive remedy for IIED claims stemming from employment termination, he is not entitled to workers' compensation because he was a member of the Merchant Marine and employed onboard a vessel in the navigable waters of the United States, and therefore, the exclusivity rule does not apply. Plaintiff provides no authority to support this argument. Further, it appears that Plaintiff is not excluded from the state workers' compensation scheme. See CNA Ins. Co. v. Workers' Comp. Appeals Bd., 58 Cal. App. 4th 211, 217-18 (1997) (noting that unlike other states, the California Labor Code does not exclude persons covered under federal statutes and general maritime law); see also Figueroa v. Campbell Industries, 45 F.3d 311, 315 (9th Cir. 1995) (holding that "some maritime workers may be Jones Act seamen who are injured while also performing a job specifically enumerated under the LHWCA, and therefore, are entitled to recovery under both statutes, although double recovery of any damage element is precluded."). While other states exclude persons covered under the Jones Act from recovering under state workers' compensation benefits, the California Labor Code does not. Id.

4

At the February 7, 2012 hearing, Plaintiff argued that because the injury he sustained from his termination was not within the scope of employment, the exclusivity of worker's compensation does not apply. Plaintiff's citation of Pichon v. Pacific Gas and Electric Comp., 212 Cal.App.3d 488, 501 (1989) is inapposite, and that case supports the Court's conclusion that Plaintiff's IIED claim is barred. Pichon did not involve the Jones Act or seamen, and concluded that emotional distress damages caused by termination of employment are within the course and scope of employment and therefore compensable under the workers' compensation scheme. Id. at 496-97. Plaintiff also cited Sunline Transit Agency v. Amalgamated Transit Union, 190 Cal.App.4th 292, 307 (2010) and argued that the court there exempted wrongful termination claims from the exclusivity clause of workers' compensation. There is no dispute, however, that wrongful termination claims are an exception to the exclusivity rule, and Defendant does not seek to dismiss Plaintiff's claim of wrongful termination in violation of public policy. None of the cases cited by Plaintiff in his opposition or at the hearing support his argument that as a Merchant Marine, he is exempt from the exclusivity rule, or that the exclusivity rule does not apply to his IIED claim.

Thus, Plaintiff's IIED claim is barred because the state worker's compensation act is the exclusive remedy for his emotional distress injuries. Defendant's motion to dismiss Plaintiff's second claim for IIED is granted without leave to amend. The Court need not reach Defendant's alternative ground for dismissal of Plaintiff's IIED claim based on the failure to state a claim.

**B.     Motion to Strike Plaintiff's Request for Attorneys' Fees and Costs**

Defendant moves to strike Plaintiff's requests for attorneys' fees and costs. Plaintiff seeks fees pursuant to California Code of Civil Procedure section 1021.5, California Labor Code section 218.5, and California Government Code section 12965(b).

**1.     Code of Civil Procedure Section 1021.5**

Defendant argues that fees are not recoverable pursuant to Code of Civil Procedure section 1021.5 because Plaintiff has not alleged how this lawsuit would benefit the public or a large class of persons. Section 1021.5 provides:

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and

5

financial burden of private enforcement . . . are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

Where a party files suit primarily to advance its own personal or pecuniary interests, a section 1021.5 award is improper. Flannery v. California Highway Patrol, 61 Cal. App. 4th 629, 635 (1998) ("When the record indicates that the primary effect of a lawsuit was to advance or vindicate a plaintiff's personal economic interests, an award of fees under section 1021.5 is improper. . . . [the statute's] purpose is to provide some incentive for the plaintiff who acts as a true private attorney general, prosecuting a lawsuit that enforces an important public right and confers a significant benefit, despite the fact that his or her own financial stake in the outcome would not by itself constitute an adequate incentive to litigate.") (internal citations omitted); see also Whittaker v. Countrywide Fin. Corp., 2010 U.S. Dist. LEXIS 122319 (C.D. Cal. Nov. 1, 2010) (striking prayer for attorneys' fees pursuant to section 1021.5 where the plaintiffs were motivated by their own pecuniary interests and not by a desire to pursue a public benefit); Kistler v. Redwoods Community College Dist., 15 Cal.App.4th 1326, 1337 (1993) (" Code of Civil Procedure section 1021.5, the private attorney general statute, is also inapplicable; respondents were not disinterested citizens seeking to establish new law on a question of public importance, they were simply seeking the wages due to them.").

Here, Plaintiff is not entitled to fees under section 1021.5 because he has not alleged claims that result in benefits for the general public or a large class of persons. Plaintiff's complaint seeks damages for losses in earnings, benefits, mental pain and anguish - damages that are personal to Plaintiff and inapplicable to a larger group of people. Plaintiff argues that discrimination in the workplace on the basis of age and sex affects the public at large and also the large number of people employed on Defendant's fifteen vessels throughout the country. See Opp. at 3 (arguing that victory in this case would promote "constant vigilance to wipe out this abhorrent practice"). However, Plaintiff fails to cite any authority to support his argument that this is sufficient to obtain fees under section 1021.5. Moreover, "convey[ing] a cautionary message to the defendant about its conduct [is] insufficient to satisfy the significant public benefit requirement." Flannery, 61 Cal. App. 4th at 635. Accordingly, Defendant's motion to strike Plaintiff's request for fees and costs pursuant to section

6

1021.5 is granted without leave to amend.

## 2. Labor Code Section 218.5.

A prevailing party in a suit for nonpayment of wages may recover fees. Cal. Labor Code § 218.5. "Wages" are defined as "all amounts for labor . . . whether rendered or performed . . . if the labor to be paid for is performed personally by the person demanding payment." Cal. Labor Code § 200. Here, Plaintiff has not alleged a Labor Code violation and therefore is not entitled to fees under section 218.5. In his opposition, Plaintiffs sought leave to amend the complaint to allege a claim under the Labor Code and argued that he lost wages and bonus money when Defendant's vessel responded to the BP oil spill in 2010, a time when he was no longer employed. Section 218.5 does not apply to wages not earned due to termination, but to wages earned but wrongfully withheld or delayed. Therefore, it is doubtful that Plaintiff can state a Labor Code claim in good faith. However, leave to amend is freely granted. Thus, Defendant's motion to strike is granted with leave to amend, but Plaintiff is cautioned to add such a claim only if he has a good faith basis for doing so.

## 3. Government Code Section 12965(b).

Defendant argues that fees are not recoverable pursuant to Government Code section 12965(b) because Plaintiff has not alleged a claim under the California Fair Employment and Housing Act ("FEHA") in the complaint. It is undisputed that Plaintiff has not alleged a FEHA claim and therefore, Plaintiff is not entitled to fees under that Act.

Defendant further argues that a FEHA claim would be time-barred because Plaintiff filed this lawsuit two years after he claims to have been wrongfully terminated and one year after the statute of limitations on any potential FEHA claim had run. See, e.g., Cal. Gov't Code § 12960 (requiring that a complaint with the Department of Fair Employment and Housing must be filed no later than one year from the date upon which the allegedly unlawful conduct occurred). At the hearing, Plaintiff conceded that the time to bring a claim under FEHA had passed.

In the opposition, Plaintiff does not specifically seek leave to amend the complaint to assert a FEHA claim, but presents various reasons why he believes that a FEHA claim would not be time-barred. None of them served to excuse the delay under the doctrines of tolling or estoppel.

However, to the extent that Plaintiff is seeking leave to amend to add a FEHA claim, the Court grants that request because leave to amend is freely granted. Again, Plaintiff is cautioned to add such a claim only if he has a good faith basis for doing so. Thus, Defendant's motion to strike the request for fees under section 12965(b) is granted with leave to amend.

**Conclusion**

Defendant's Motion to Dismiss Plaintiff's second claim for IIED is granted without leave to amend. Defendant's Motion to Strike Plaintiff's request for attorneys' fees and costs is granted with leave to amend as stated above. Any amended complaint shall be filed no later than February 24, 2012.

**IT IS SO ORDERED.**

Dated: February 9, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge